﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/28/19

DOCKET NO. 190222-3122
DATE: August 29, 2019

ORDER

Entitlement to an initial rating of 50 percent, but no higher, for unspecified anxiety disorder is granted, subject to controlling regulations governing the payment of monetary awards.

FINDING OF FACT

The evidence is at least evenly balanced as to whether the symptoms and overall impairment caused by the Veteran’s unspecified anxiety disorder have, throughout the pendency of the claim, more nearly approximated occupational and social impairment, with reduced reliability and productivity, but they have not more nearly approximated occupational and social impairment with deficiencies in most areas.

CONCLUSION OF LAW

With reasonable doubt resolved in favor of the Veteran, the criteria for the award of an initial 50 percent rating, but no higher, for unspecified anxiety disorder, have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.130, Diagnostic Code (DC) 9413.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from April 1974 to July 1979. 

The Board notes that the rating decision on appeal was issued in August 2017. In that decision, Regional Office, inter alia, granted entitlement to service connection for unspecified anxiety disorder, evaluated at 30 percent. In August 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting the August 2018 Rapid Appeals Modernization Program (RAMP) election form. In response, the RO’s December 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. In a February 2019 statement in support of claim (VA Form 21-4138), the Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to an Initial Rating in Excess of 30 Percent for Unspecified Anxiety Disorder 

The Veteran contends he is entitled to a higher initial rating for his service connected unspecified anxiety disorder. 

Disability evaluations are determined by evaluating the extent to which a veteran’s service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, including employment, by comparing his or her symptomatology with the criteria set forth in the Rating Schedule. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10. If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation; otherwise, the lower evaluation will be assigned. 38 C.F.R. § 4.7.

To evaluate the level of disability and any changes in condition, it is necessary to consider the complete medical history of the veteran’s condition. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). Where an award of service connection for a disability has been granted and the assignment of an initial evaluation for that disability is disputed, separate evaluations may be assigned for separate periods of time based on the facts found. In other words, the evaluations may be staged. Fenderson v. West, 12 Vet. App. 119 (1999). Here, however, as shown below, the evidence warrants a uniform 50 percent rating.

The Veteran contends he is entitled to a higher initial rating for his service connected unspecified anxiety disorder. He is currently rated at 30 percent disabled under DC 9413. All mental disorders are evaluated pursuant to 38 C.F.R. § 4.130 under the General Rating Formula for Mental Disorders (General Rating Formula). 38 C.F.R. § 4.130. Under this formula, a 30 percent rating is assigned for occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, and mild memory loss (such as forgetting names, directions, recent events).

A 50 percent evaluation is for assignment when there is occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty establishing effective work and social relationships.

A 70 percent evaluation is contemplated for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships.

A 100 percent evaluation is warranted when there is evidence of total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time and place; memory loss for names of close relatives, own occupation or name.

The use of the term “such as” in the general rating formula for mental disorders in 38 C.F.R. § 4.130 demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are to serve as examples of the type and degree of symptoms, or their effects, that would justify a particular rating. See Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). It is not required to find the presence of all, most, or even some, of the enumerated symptoms recited for particular ratings. Id. The use of the phrase “such symptoms as,” followed by a list of examples, provides guidance as to the severity of the symptoms contemplated for each rating, in addition to permitting consideration of other symptoms particular to each veteran and disorder, and the effect of those symptoms on his/her social and work situation. Id.

In Vazquez-Claudio v. Shinseki, 713 F.3d 112 (Fed. Cir. 2013), the Federal Circuit stated that “a veteran may only qualify for a given disability rating under § 4.130 by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration.” It was further noted that § 4.130 requires not only the presence of certain symptoms but also that those symptoms have caused occupational and social impairment in most of the referenced areas. 

For the following reasons, the symptoms and overall impairment caused by the Veteran’s unspecified anxiety disorder more nearly approximate the criteria for a 50 percent rating. 

Occupationally, the Veteran works in the medical field related to ultrasound. In a July 2017 Disability Benefits Questionnaire (DBQ) examination, completed by a VES clinician, the examiner indicated that the Veteran has symptoms that decrease work efficiency and ability to perform occupational tasks only during periods of significant stress. The Veteran reported in the July 2017 DBQ that he had daily on-going anxiety related to coping with the pain caused by his service connected disabilities, and it is difficult for him to navigate daily life around his pain and anxiety. He has additionally experienced mild memory loss, disturbances to motivation and mood, and increased frustration. He additionally reported in a March 2017 Medical Examination completed by Dr. Jabbour that he used to coach sports, but that he had to stop due to his service connected disabilities. While the Veteran hopes to get back to these activities, he has been unable to. The Veteran reported he has to keep track of day to day tasks and plans by using notes on his phone, and he is otherwise unable to remember on his own. 

Socially, the Veteran reports that he has friends, but that he has been unable to participate in many activities he used to enjoy due to the pain connected to his anxiety. The Veteran is married and reports that his does not have marital problems and he overall enjoys socializing. 

In a March 2017 medical examination completed by Dr. Jabbour, the Veteran reported that he has diminished interest in nearly all activities nearly every day because of his increased frustration caused by his pain and anxiety disorder. He additionally has trouble sleeping, and has to try and sleep for 10-15 hours a day to get enough rest due to low quality of sleep. The Veteran reported he suffers from a depressed mood most of the day, which he thinks is caused by the frustration he feels over his general pain. 

The Veteran’s medical records indicate that he has disturbances in motivation and mood, along with impaired short-term and long -term memory. The Veteran maintains social relationships, but is increasingly frustrated and depressed due to his pain caused by other social connected disabilities. He is no longer able to coach sports teams or do many activities he enjoyed doing with friends prior to his disabilities. 

Having considered these factors together and resolving reasonable doubt in the Veteran’s favor, the Board finds that the Veteran’s unspecified anxiety disorder symptoms are of such frequency, duration, and severity as to result in occupational and social impairment with reduced reliability and productivity, warranting an initial 50 percent rating throughout the appeal period.

The Veteran, however, does not meet the criteria for a higher rating of 70 percent. The Veteran has not been shown to have social and occupational impairment with deficiencies in most areas. Id. at 118 (“Entitlement to a 70 percent disability rating requires sufficient symptoms of the kind listed in the 70 percent requirements, or others of similar severity, frequency or duration, that cause occupational and social impairment with deficiencies in most areas such as those enumerated in the regulation”). He works full time and has stated that he does not have occupational difficulty with completing his work. The Veteran has never reported suicidal ideation, hallucinations, or delusions. His speech is slightly slowed, but his thought processes are fully intact. He has not reported panic attacks, and has had no reports of impaired impulse control. He is able to work full time and while he is unable to do some household tasks due to his pain, he is otherwise capable of functioning independently. His appearance has been appropriate at his appointments and there have been no signs of neglect of hygiene. The preponderance of the lay and medical evidence thus reflects that neither the symptoms nor overall impairment caused by the Veteran’s psychiatric disorder more nearly approximate the occupational and social impairment with deficiencies in most areas required for a 70 percent rating. 

In addition, a request for an entitlement to a total disability rating based on individual unemployability (TDIU), whether expressly raised by a veteran or reasonably raised by the record, is not a separate claim for benefits, but rather involves an attempt to obtain an appropriate rating for a disability as part of a claim for increased compensation. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). In this case, the Veteran has reported that he has worked full time throughout the appeal period and has not had difficulty with maintaining his employment. He has not contended and the evidence does not show that he is unable to secure or follow substantially gainful employment due to his service-connected unspecified anxiety disorder. Therefore, the issue of entitlement to a TDIU has not been argued by the Veteran or reasonably raised by the evidence of record.

Moreover, although the Veteran’s unspecified anxiety disorder is reported to cause some occupational impairment, remand for referral for consideration of an extraschedular rating is not warranted. See Thun v. Peake, 22 Vet. App. 111 (2008), aff’d sub nom. Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). The discussion above reflects that the symptoms of the Veteran’s unspecified anxiety disorder are fully contemplated by the applicable rating criteria. As indicated by the cases cited above, the criteria in the general rating formula for mental disorders include both the symptoms listed and symptoms “such as” those listed, along with the overall impairment caused by these symptoms. This broad language in the criteria thus contemplates all of the symptoms even though they are not specifically listed. Cf. Spellers v. Wilkie, 30 Vet. App. 211, 218 (2018) (“Given the broad nature of [the criteria for rating neurologic disorders], finding symptoms not contemplated by its ‘impairment of motor, sensory or mental function’ language presents quite a challenge”).

(Continued on the next page)

 

For the foregoing reasons, the evidence is approximately evenly balanced as to whether the symptoms and overall impairment caused by the Veteran’s unspecified anxiety disorder more nearly approximated the criteria for a 50 percent rating. As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, and entitlement to an initial rating of 50 percent is warranted for the entire period on appeal. 38 U.S.C. § 5107(b); 38 C.F.R. § 4.3. As the preponderance of the evidence is against a higher rating, the benefit of the doubt doctrine is not otherwise for application. Id.

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Saracina, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.